Filed 7/23/26  P. v. Harvey CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAREION LEE HARVEY,<br><br>    Defendant and Appellant. | B342243<br><br>(Los Angeles County<br>Super. Ct. No. BA205676) |

APPEAL from an order of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Affirmed.

Kieran D.C. Manjarrez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Dareion Lee Harvey appeals after the trial court summarily denied his Penal Code section 1172.6[1] resentencing petition. As the trial court noted, defendant had filed a prior resentencing petition, and this court affirmed the trial court's denial of that prior petition. Defendant's new petition did not indicate it was based on any change in the law, and contained only "conclusory, checkbox allegations" regarding his eligibility for resentencing (see *People v. Patton* (2025) 17 Cal.5th 549, 564 (*Patton*)).

On appeal, defendant contends that new legal authority undermines the rationale this court used in affirming the denial of his previous petition. We hold that defendant's petition was properly denied as successive because it did not indicate it was based on any change in the law. We therefore affirm without prejudice to defendant refiling a new resentencing petition that is based on new legal authority.

## I.      BACKGROUND

A. *Trial Evidence and Direct Appeal*

In 2002, a jury convicted defendant of second-degree murder. The jury found that the murder was committed for the benefit of a criminal street gang, that defendant personally used a firearm, and that a principal personally and intentionally discharged a firearm causing death.

The evidence at trial included defendant's statement to police.[2] Defendant admitted that he had participated in the murder. He and two fellow gang members had encountered the victim in their neighborhood and asked where he was from. Defendant and his two companions then beat the

---

[1]      Unspecified section references are to the Penal Code.

[2]      The details about defendant's trial are taken from this court's opinion in *People v. Harvey* (June 25, 2003, B158517) [nonpub. opn.] (*Harvey I*).

victim.  Defendant then drew his gun.  Defendant was going to shoot the victim, but one of the other gang members was in the way.  According to defendant, that other gang member actually shot the victim.

At trial, the prosecutor argued that defendant was the actual shooter, but alternatively argued that defendant intended to aid and abet a murder. Although the jury also received instructions on the natural and probable consequences doctrine, the prosecutor did not argue that theory of culpability.

On direct appeal, defendant argued that the natural and probable consequences instructions erroneously allowed the jury to convict him of murder based on his intent to commit a misdemeanor assault.  This court determined that any instructional error was harmless, in light of defendant's admission about intending to shoot the victim and the prosecutor's closing argument.  (*Harvey I, supra,* at pp. 13–16.)  This court stated:  "[Defendant's] guilt under the evidence was clearly based on his direct encouragement of a shooting and his own willingness to shoot." (*Harvey I, supra,* at p. 15.)

B. *First Resentencing Petition and Appeal*

"In 2018, the Legislature amended the law of homicide, eliminating several theories of liability based on imputed malice.  It has also offered relief to those convicted under certain homicide theories, such as murder or attempted murder under the natural and probable consequences doctrine, whose convictions are now tainted.  (Pen. Code, § 1172.6, subd. (a).) Petitioners seeking relief under section 1172.6 must, first, file a facially valid petition that states the statutory requirements for relief (*id.*, subd. (b)), and second, make a 'prima facie showing' (*id.*, subd. (c)), before a court must issue an order to show cause and hold an evidentiary hearing on the ultimate question of resentencing at which the People will bear the burden of

defending a conviction under the amended law (*id.*, subd. (d)).” (*Patton, supra,* 17 Cal.5th at p. 556, fn. omitted.)

In 2019, defendant filed a resentencing petition under former section 1170.95, a predecessor statute to section 1172.6.  In the petition, defendant asserted that he was convicted under the natural and probable consequences doctrine and was therefore eligible for resentencing.

The trial court appointed counsel and received further briefing from the People and defendant.  The trial court found defendant failed to make a prima facie showing and denied the 2019 resentencing petition without an evidentiary hearing.  The trial court relied on *Harvey I* in finding that the record of conviction showed that defendant was convicted as a direct aider and abettor, and not based on the natural and probable consequences doctrine.

In 2021, this court affirmed the trial court’s denial of the 2019 resentencing petition.  (*People v. Harvey* (Feb. 23, 2021, B304497 [nonpub. opn.] (*Harvey II*).)  This court held that the trial court properly considered the *Harvey I* opinion as part of the record of conviction and did not thereby “engage[] in impermissible fact-finding.” (*Harvey II,* at p. 11.)  This court determined that because of the *Harvey I* holding—that defendant’s guilt was “clearly based” on a direct aiding and abetting theory—resentencing was precluded “as a matter of law.” (*Harvey II,* at p. 11.)

C.  *Current Resentencing Petition and Appeal*

In August 2024, petitioner filed a second resentencing petition.  The petition is on a preprinted form with “conclusory, checkbox allegations.” (See *Patton, supra,* 17 Cal.5th at p. 564.)  Nothing in the petition indicated that it was based on a change in the law since *Harvey II*.

The trial court summarily denied the petition, stating in a minute order: "The Petitioner is advised that this matter was previously resolved, the petition being denied. The previous denial was affirmed by the Court of Appeals in B304497 on November 4, 2021."

## II.    DISCUSSION

### A. *The Parties' Arguments*

Defendant argues that the trial court should have found that his 2024 resentencing petition made a prima facie case for relief because it "contained the required statutory recitals." (See § 1172.6, subds. (a) & (b).) He contends the trial court erred by summarily denying the petition without appointing counsel, receiving briefing, and holding a hearing. Defendant further contends that this court's decision in *Harvey II* is no longer "persuasive under current law." Specifically, defendant asserts that, in *Harvey II*, this court improperly relied on factual findings made in *Harvey I*.

The Attorney General asserts that, even assuming the 2024 resentencing petition was facially sufficient to warrant appointment of counsel, briefing, and a hearing "to determine whether the petitioner has made a prima facie case for relief" (§ 1172.6, subd. (c)), any error was harmless because the petition was barred by the doctrines of issue preclusion and law of the case.

### B. *Summary Denial Was Proper*

Generally, a trial court may not summarily deny a facially sufficient resentencing petition. Section 1172.6 "does not envision a structure by which courts can make an initial determination without briefing and without the appointment of counsel." (*People v. Lewis* (2021) 11 Cal.5th 952, 966.)

5

"[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" [Citation.]" (*Id.* at p. 957.)

However, when a defendant files a successive resentencing petition, summary denial is appropriate unless "the subsequent petition rest[s] on new legal authority which challenge[s] the basis for the superior court's ... denial of the previous petition." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946–947 (*Farfan*); see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [second petition's claims were "based on new law"].) As the *Farfan* court recognized, this is an evolving area of law, such that "judicial interpretations of [former] section 1170.95 may afford a petitioner grounds for claiming eligibility for relief under the statute that were not previously available under other judicial interpretations." (*Farfan, supra,* at p. 951.)

The "conclusory, checkbox allegations" in defendant's 2024 resentencing petition (see *Patton, supra,* 17 Cal.5th at p. 564) did not provide the trial court with any "new legal authority." (*Farfan, supra,* 71 Cal.App.5th at pp. 946–947; compare *People v. Jimenez* (2024) 103 Cal.App.5th 994, 1000 [second petition cited statutory amendments that became effective after first petition]; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1235 [second petition relied on new case law and new legislation].) Only on appeal does defendant assert that "since 2021, the law on aiding and abetting has undergone significant changes and it thus remains a reasonable possibility that his conviction was not permissible under current law." Because no new legal authority was cited as the basis for the 2024 petition, however, the trial court did not err by summarily denying it.

DISPOSITION

The order denying defendant's August 27, 2024 petition for resentencing is affirmed, without prejudice.  Defendant may file a new resentencing petition that asserts a change in the law since *Harvey II*.  We express no opinion about the potential merit of such a petition.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



COGLIATI, J.*

We concur:


ZUKIN, P. J.


TAMZARIAN, J.

---

*Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.